# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

MELIEN DOMINIQUE,

      Plaintiff,

      v.

LEXISNEXIS RISK SOLUTIONS INC.,

      Defendant.

**Case No.:**

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff Melien Dominique ("Plaintiff") brings this action against LexisNexis Risk Solutions, Inc. ("Defendant" or "LNRS") and alleges, based upon Plaintiff's personal knowledge, information and belief, and the investigation of counsel, as follows:

## INTRODUCTION

1.    This is an action to recover damages for violations of the Fair Credit Reporting Act, 15 U.S.C. §§1681, *et seq.* (the "FCRA").

## PARTIES

2.    Plaintiff resides in Aeia, Hawaii and qualifies as a "consumer" as defined and protected by 15 U.S.C. § 1681a(c).

1

3.    Defendant LexisNexis Risk Solutions Inc. ("Defendant" or "LexisNexis") is a consumer reporting agency that maintains its principal place of business at 1000 Alderman Drive, Alpharetta, GA 30005.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

5.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1).

## FACTUAL ALLEGATIONS

**Plaintiff's Application for Insurance Coverage**

6.    Plaintiff, a dedicated, law-abiding citizen who honorably served in the military, sought to obtain fair and competitive car insurance rates, relying on his strong driving history and responsible vehicle ownership.

7.    Given his previous rates and responsible driving history, free from any at-fault accidents or major violations, and military background, Plaintiff reasonably expected to receive insurance quotes reflective of his low-risk profile.

8.    On or about August 29, 2024, Plaintiff applied for insurance quotes from StateFarm, DailyAtom, and USA insurance, expecting rates consistent with his driving history.

9.    However, to Plaintiff's surprise, the premiums were significantly higher than anticipated, ranging from around $1,200 to $2,000 for a six-month

policy, far exceeding what should have been applicable for a driver with no at-fault accidents or major violations.

10.   Upon reviewing the quotes, which were based on a consumer report obtained from LNRS, Plaintiff noticed accident claims listed on his record that he did not recognize. These claims, which he had never been involved in, raised immediate concerns.

11.   Plaintiff's official state records confirm that he has never been in any car accident, nor has he incurred any serious traffic violations that would justify the imposition of such requirements and excessively high insurance premiums the carriers quoted him.

12.   Despite Plaintiff's clean driving history, Defendant's reckless and inaccurate consumer reporting has misattributed accident claims to his record, directly leading to inflated insurance premiums and financial harm.

13.   Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy of the credit information it published and maintained concerning Plaintiff.

**Plaintiff's Mixed File**

//

14.    Concerned about the unjustified insurance quotes, and the potential impact on his financial and professional standing, Plaintiff promptly requested a copy of his consumer report from Defendant to identify the source(s) of inaccuracies.

15.    On or about September 12, 2024, Plaintiff obtained a copy of his file from Defendant.

16.    Upon reviewing the contents of the September 12, 2024, consumer report, Plaintiff immediately identified numerous inaccuracies, including personal information, insurance claims, and financial records that did not belong to him.

17.    Plaintiff was confused and alarmed to find that Defendant had erroneously mixed his consumer file with records belonging to others, including his twin sister, "Melienne Dominique" (the "Non-Consumer").

18.    Specifically, Defendant was reporting the following inaccurate information and accounts which did not belong to Plaintiff:

   a) Incorrect Name Variations: Plaintiff's consumer report contained multiple inaccurate name variations, erroneously associating Plaintiff with the Non-Consumer another unrelated consumer named "Natacha Dominique." Plaintiff's legal name, by contrast, is Melien Dominique.

4

b) Plaintiff's correct SSN is XXX-XX-6620, but the consumer report erroneously included XXX-XX-3209, which presumably belongs to the Non-Consumer.

c) Incorrect Driver's License Information: Plaintiff's correct driver's license number is XXXXX1102, but the consumer report erroneously included license number XXXXX1097, which presumably belongs to the Non-Consumer.

d) Incorrect Addresses: Plaintiff's consumer report erroneously associated him with multiple addresses where he has never lived, including:

- 1828 Cimarron St, Aurora, CO 800114216

- 2511 S Biscay Ct, Aurora, CO 80013641

- Arvada, CO 80003

- Arvada, CO 80002

- Englewood, CO 80112

- 22 Sand Hill Rd, Denver, CO 80202

- 2381 S Idalia St, Aurora, CO 80013-1085

- 4699 Kittredge St 335 Unit, Denver, CO 80239-5773

- 1828 Cimarron St, Aurora, CO 80011-4216

- 2511 S Biscay Ct, Aurora, CO 80013-6413

e) Plaintiff's professional record is also mixed with the Non-Consumer's professional record.

f) Plaintiff's file included insurance claims that do not belong to Plaintiff, such as:

- Insurance claim dated 08/14/2019 for a Chevrolet Cobalt that belonged to the Non-Consumer;

- Insurance claim dated 06/27/2024 for a Volkswagen Tiguan that belonged to the Non-Consumer;

- Insurance claim dated 03/03/2023 for a stolen vehicle that was lodged by the Non-Consumer.

g) Plaintiff's file also included three additional insurance policies that belonged to the Non-Consumer, as follows:

- American Family Insurance
  Name: Melienne Dominique
  Driver's License Number: XXXXX1097
  Policy Start Date: 10/01/2024
  Policy End Date: 04/01/2025

- Progressive Groups
  Name: Melienne Dominique
  Driver's License Number: XXXXX1097
  Policy Start Date: 04/01/2023
  Policy End Date: 10/01/2023

- • Progressive Groups
  Name: Melienne Dominique
  Driver's License Number: XXXXX1097
  Policy Start Date: 04/01/2024
  Policy End Date: 10/01/2024

h) Further, the Defendant reported the following phone numbers which do not belong to Plaintiff:

- • (720) 379-4037

- • (720) 989-3638

i) Defendant reported the Non-Consumer's email address as belonging to Plaintiff.

19. By reporting the inaccurate information in Plaintiff's consumer report, Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information contained within Plaintiff's consumer report in violation of 15 U.S.C § 1681e(b), especially since Plaintiff and the Non-Consumer have distinct identifying information that should have alerted Defendant to the fact that they are two different people, such as having different social security numbers, driver's license numbers, addresses, phone numbers, etc.

20. The consumer report reflected an inquiry from Farmers Guidewire, indicating that Defendant shared Plaintiff's consumer report without Plaintiff's knowledge or consent.

21.    Upon information and belief, the inquiry was initiated by an insurance application submitted by the Non-Consumer. Yet, since Plaintiff's file was mixed with numerous Non-Consumers, Plaintiff's information was published, likely pursuant to one of the Non-Consumers' request for an insurance quote.

22.    Since Plaintiff did not authorize Farmers Guidewire to request Plaintiff's consumer report from Defendant, nor did Plaintiff enter into any of the business transaction or relationship which otherwise may have provided a permissible purpose for pulling Plaintiff's consumer report, Defendant disclosed information about Plaintiff to the above-referenced entity without a permissible purpose, in violation of 15 U.S.C. § 1681b(c).

23.    On or about September 30, 2024, concerned about significant inaccuracies in his consumer report, Plaintiff initiated a dispute with Defendant via phone. Specifically, Plaintiff challenged the erroneous and misattributed information that did not belong to him.

24.    Plaintiff requested that Defendant reinvestigate the disputed information, correct the reporting, and send him a corrected copy of his credit report.

25.    On or about October 28, 2024, after Plaintiff's formal dispute, Defendant conducted a reinvestigation and acknowledged that Plaintiff's consumer report contained inaccurate and unverified information. As a result of Plaintiff's

persistence in challenging these errors, Defendant removed some of the incorrect data from his file.

26. On or about February 6, 2025, Plaintiff again disputed multiple inaccuracies in his LexisNexis consumer report via email. Plaintiff explicitly identified numerous erroneous records, including misattributed names, incorrect Social Security Number variations, addresses, insurance claims, and impermissible credit inquiries.

27. On or about February 14, 2025, Defendant issued an updated consumer report in response to Plaintiff's formal dispute. This report, which followed Plaintiff's repeated efforts to correct the inaccuracies, confirms LexisNexis removed multiple erroneous records that had improperly been associated with Plaintiff's consumer file.

28. At all relevant times, Defendant was acting by and through its agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under Defendant's direct supervision and control.

29. At all relevant times, Defendant's conduct, and the conduct of its agents, servants, and/or employees, was intentional, willful, reckless, grossly negligent, and in utter disregard for federal law and Plaintiff's rights.

30.    Defendant is aware of the shortcomings of its procedures and intentionally chooses not to comply with the FCRA to maintain its high profit margins. Accordingly, Defendant's violations of the FCRA are willful.

31.    Plaintiff is a former military service member whose background and credit reports are routinely reviewed as part of his employment and security clearance requirements. Thus, the presence of any disparaging information on Plaintiff's consumer report may trigger an immediate, temporary, or indefinite security hold and can hinder Plaintiff's employment prospects or security clearance.

32.    As a result of Defendant's conduct, action, and inaction, Plaintiff suffered damages including but not limited to, the loss of his right to keep his private financial information confidential; actual damages, including loss of ability to obtain competitive insurance coverage or premiums; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; the expenditure of labor and effort disputing and trying to correct the inaccurate credit reporting; and emotional distress including the mental and emotional pain, anguish, humiliation, and embarrassment due to his the rates he was quoted and due to having another consumer's information, including inquiries and claims, mixed into Plaintiff's consumer report.

//

10

**COUNT I**
**Violation of 15 U.S.C. § 1681e(b)**
**Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**

33.   Plaintiff re-alleges and incorporates by reference the allegations set forth in preceding paragraphs as if fully stated herein.

34.   The FCRA imposes a duty on consumer reporting agencies to devise and implement procedures to ensure the "maximum possible accuracy" of consumer reports.

35.   On at least one occasion, Defendant prepared patently false consumer reports concerning Plaintiff.

36.   Defendant mixed another consumer's information into Plaintiff's consumer report, thereby misrepresenting Plaintiff's driving record.

37.   Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports it published and maintained concerning Plaintiff.

38.   As a result of Defendant's conduct, action, and inaction, Plaintiff suffered damages as stated herein.

39.   Defendant's conduct, actions, and inactions were willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to

11

be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

40.    Plaintiff is entitled to recover attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT II
## Violation of 15 U.S.C. § 1681b(a)
## Furnishing a Credit Report Without a Permissible Purpose

41.    Plaintiff re-alleges and incorporates by reference the allegations set forth in preceding paragraphs as if fully stated herein.

42.    This action involves the willful, knowing, and/or negligent violation of the FCRA relating to the dissemination of Plaintiff's consumer report and its confidential contents therein.

43.    Plaintiff is a "consumer" as defined by the FCRA.

44.    Defendant is a consumer reporting agency that furnishes consumer reports as defined and contemplated by the FCRA.

45.    The FCRA prohibits any consumer reporting agency from furnishing a consumer report unless it has a permissible purpose enumerated under the FCRA, 15 U.S.C. § 1681b(a).

46.    On at least one occasion, Defendant furnished Plaintiff's consumer report to Farmers Guidewire without a permissible purpose. Defendant had no reason to believe that Farmers Guidewire intended to use Plaintiff's information, in violation of 15 U.S.C. § 1681b(c).

47.    Defendant violated 15 U.S.C. § 1681b(c) by selling Plaintiff's consumer report to third parties without a permissible purpose.

48.    As a result of Defendant's conduct, action, and inaction, Plaintiff suffered damages as stated herein.

49.    Defendant's conduct, actions, and inactions were willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

50.    Plaintiff is entitled to recover attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for a judgment: (i) determining that Defendant negligently and/or willfully violated the FCRA; (ii) awarding Plaintiff actual, statutory, and punitive damages as provided by the FCRA; (iii) awarding

13

Plaintiff reasonable attorneys' fees and costs as provided by the FCRA; and (iv)

granting further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: June 18, 2025

/s/ *Moshe O. Boroosan*
Moshe Boroosan, GA Bar #744128
CONSUMER ATTORNEYS, PLLC
68-29 Main Street
Flushing NY 11367
T: (718) 874 - 6960
E: mboroosan@consumerattorneys.com

*Attorneys for Plaintiff*
*Melien Dominique*

14